# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **v.**

**WILLIAM MORAIN SR.,**

    **Defendant.**

Case No. 12-20074-CM

## MEMORANDUM AND ORDER

This matter is before the court on defendant William Morain Sr.'s pro se Motion to Reduce Sentence (Doc. 59). Defendant seeks to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 801 to the United States Sentencing Guidelines, which took effect on November 1, 2016. Amendment 801 added language to U.S.S.G. § 2G2.1(b)(3)(F) that requires the defendant to have "knowingly engaged in distribution."

On January 15, 2013, defendant pleaded guilty to one count of Distribution of Child Pornography under 18 U.S.C. § 2252(a)(2). Defendant was also convicted of one count of Possession of Child Pornography under 18 U.S.C. § 2252(a)(4)(B) at a later bench trial. The Presentence Investigation Report calculated defendant's base offense level as 22, which was increased two levels under U.S.S.G. § 2G2.2(b)(3)(F) because "the distribution involved distribution other than that described in Subsections (A) through (E) . . . ." Several other modifications to the base offense level resulted in a total offense level of 35. On July 26, 2013, defendant was sentenced to 151 months in prison.

Amendment 801 to the Sentencing Guidelines, which went into effect on November 1, 2016—three years after defendant was sentenced—was implemented to "address[] circuit conflicts and application issues related to the child pornography guidelines" U.S.S.G. app. C, amend. 801, at 142

-1-

(Supp. Nov. 1, 2016). At issue in the present case is the amendment to § 2G2.2(b)(3)(F), which requires that the defendant had "knowingly engaged in distribution." The Sentencing Commission concluded that, based on decisions from the Second, Fourth, and Seventh Circuits, the two-level distribution enhancement was appropriate "only in cases in which the defendant knowingly engaged in distribution." *Id*. at 145. These courts determined that the two-level distribution requires a mens rea, particularly in cases "involving use of a file-sharing program or network." *Id*. at 144.

Defendant asks this court for a two-level sentence reduction based on this amendment. He argues that at sentencing, there was no evidence presented as to his mental state in regard to the distribution conviction. Defendant's motion is brought under 18 U.S.C. § 3582(c)(2), which states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The applicable policy statements issued by the Sentencing Commission are found in § 1B1.10 of the Sentencing Guidelines. Section 1B1.10 lists the amendments that apply retroactively for the purpose of reducing a sentence under 18 U.S.C. § 3582(c)(2). "[I]f an amendment is not listed as covered [in §1B1.10], a reduction in sentence based on the amendment would not be consistent with the policy statement." *United States v. Avila*, 997 F.2d 767, 768 (10th Cir. 1993). Amendment 801 is not listed in §1B1.10, and therefore, defendant is not entitled to relief under 18 U.S.C. § 3582(c)(2) because Amendment 801 is not retroactive.

In his motion, however, defendant discusses whether Amendment 801 is substantive or clarifying. This argument is more properly brought in a motion for relief under 28 U.S.C. § 2255 rather than 18 U.S.C. § 3582(c)(2). *See United States v. Mullins*, 748 F. App'x 795, 801 n. 5 (10th Cir. 2018)

(noting " . . . Amendment 801 is not listed in U.S.S.G. § 1B1.10(d) as having retroactive effect for purposes of 18 U.S.C. § 3582(c)(2). For that reason, Mullins properly seeks relief under 28 U.S.C. § 2255, instead of 18 U.S.C. § 3582, by arguing that the amendment is clarifying, rather than substantive. *See United States v. Ramirez*, 698 F. App'x 943, 946 (10th Cir. 2017) (observing that a retroactive sentencing clarification bears on "'whether a defendant was correctly sentenced under the guidelines in the first place,'") which implicates § 2255, rather than § 3582(c)(2)).

Defendant clearly stated that his present motion was brought under 18 U.S.C. § 3582(c)(2). And the Tenth Circuit has held that district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless: (1) the movant agrees to the recharacterization with knowledge of the potential adverse consequences, or (2) the court determines the motion should be considered as made under § 2255 because of the relief sought, and the movant has the opportunity to withdraw the motion. *United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000). But even if the court were to interpret defendant's motion as one under § 2255, it would be unable to consider defendant's arguments because the time limit for defendant to file a § 2255 motion has passed. "A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from 'the date on which the judgment of conviction becomes final.'" *Clay v. United States*, 537 U.S. 522 (2003). The Tenth Circuit's mandate affirming defendant's sentence on direct appeal was issued on January 9, 2015. Defendant filed the present motion on March 30, 2017— more than two years after the date his conviction became final.

Untimely § 2255 motions are subject to dismissal unless the defendant is entitled to equitable tolling. Equitable tolling is available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *United States v. Halcrombe*, 700 F. App'x 801, 815 (10th Cir. 2017). Even if defendant had successfully

-3-

established that his § 2255 motion was timely due to the subsequent amendment to the sentencing guidelines, he was unlikely to succeed on the merits of the motion. The Tenth Circuit has found that Amendment 801 is substantive, rather than clarifying, because it "overruled our existing precedent and revised the enhancement's language, not just the language of the commentary." *See Mullins*, 748 F. App'x at 801. Amendments may apply retroactively only when the changes are clarifying rather than substantive. *Id.* (quoting *United States v. Winder*, 557 F.3d 1129, 1136 (10th Cir. 2009)).

For these reasons, the court finds that defendant is not entitled to a sentence reduction because Amendment 801 does not apply retroactively. Defendant's motion is therefore denied.

**IT IS THEREFORE ORDERED** that defendant's Motion to Reduce Sentence (Doc. 59) is denied.

Dated May 13, 2019, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**